# SUPREME COURT

OF THE

## STATE OF MISSOURI

AT THE

APRIL TERM, 1902.

---

HOFFMAN et al. v. McCRACKEN et al., Appellants.

Division Two, April 19, 1902.

1. **Demurrer to Cause of Action: WAIVER BY ANSWER.** Defendant in answering over after his demurrer to the effect that plaintiff's petition does not state a cause of action, does not waive that demurrer. The point that a petition does not state a cause of action may be raised for the first time on appeal.

2. **Deed of Trust: SETTING ASIDE SALE: NOTICE: FALSE STATEMENT: RECORDING PRIOR RELEASE: GROSS INADEQUACY.** A deed of trust recited that it was "subject to a prior deed of trust," and so far as the record showed the prior deed of trust for $900 was not released, although a deed of release had been given but not recorded. The notice of sale recited that the land would be sold "subject to a prior mortgage," and no person at the sale knew this statement was not true. The purchasers at the sale to pay a debt of $4.50 obtained title to 240 acres of land worth $4,500, for $40, when they thought they were paying $940 for it. At least one witness testified that he attended the sale to bid on the land but did not bid because he learned there was a prior mortgage. *Held,* first, the mortgagor owed the purchaser no duty to record his deed of release; second, to permit the sale to stand, would be in effect taking the property of one man and

giving it to another; third, taking all the facts into consideration, a court of equity should set aside the sale.

3. ———: ———: GROSS INADEQUACY. Where property is sacrificed by a sale under a deed of trust at such a grossly inadequate price as to bring only a tithe of its value, the sale will be set aside.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*Rechow & Pufahl* for appellants.

(1)   The petition fails to state a cause of action.  Knoop v. Kelsey, 121 Mo. 646; Jopling v. Walton, 138 Mo. 489; Hardwick v. Hamilton, 121 Mo. 467.   (2)   Gross inadequacy of price is not sufficient to justify the setting aside of a sale.   Knoop v. Kelsey, 121 Mo. 648; Walters v. Herman, 99 Mo. 530; Briant v. Jackson, 99 Mo. 598; Keith v. Browning, 139 Mo. 196; Hardwick v. Hamilton, 121 Mo. 475; Harlin v. Nation, 126 Mo. 102; Routt v. Milner, 57 Mo. App. 53; Maloney v. Webb, 112 Mo. 584.   (3)   The demurrer to the evidence should have been sustained.   Hardwick v. Hamilton, supra; Knoop v. Kelsey, supra.   (4)   The notice set out in the petition shows that the sale was properly advertised.   R. S. 1899, sec. 4357; Morgan v. Joy, 121 Mo. 684; Gray v. Worst, 129 Mo. 130; Powers v. Kneckhoff, 41 Mo. 429; Ohnsorg v. Turner, 13 Mo. App. 540.   (5)   The only unfairness charged is that the first mortgage had in fact been paid off, but as it was made to appear as outstanding by the fraudulent acts of the plaintiffs, they are not in a position to take advantage of their own wrong.   Equitable relief will be granted only where it is made to appear that the complainant is free from negligence or fraud.   Sanderson v. Voelcher, 51 Mo. App. 332; Freeman v. Moffit, 132 Mo. 288. No man will be permitted to take advantage of his own wrong. Broom's Legal Maxims (7 Am. from 5 London Ed.), p. 279;

Morrison v. Juden, 145 Mo. 300. (6) Even if it were true that the trustee did not offer the land for sale in the least legal subdivisions, this, under the circumstances (there being a first mortgage for between nine and ten hundred dollars outstanding), makes it manifest that that was the only way that the land could be sold; however, all the testimony shows that he called for bids on any separate forty and received no response. This was sufficient. Hardwick v. Hamilton, supra; Kline v. Vogel, 90 Mo. 244.

*J. B. Upton, John W. Ross* and *F. S. Sea* for respondents.

(1) The petition is sufficient. If it were subject to demurrer defendants, by answering, waived and abandoned whatever advantage they may have acquired thereby. Burnham & Co. v. Tillery & Co., 85 Mo. App. 459; State v. Sappington, 68 Mo. 454; Spillane v. Railroad, 111 Mo. 562; Higgins v. Railroad, 36 Mo. 431. (2) The testimony of plaintiffs as to their understanding of the provision in the deed of trust was properly admitted to show that they believed that when they paid the $900 mortgage in full it cancelled all of the other notes, and that they were not negligent in not recording their release or keeping up a correspondence with the firm of Adams, McKinney, Leavitt & Company through whom they had borrowed this money. (3) The sale of 240 acres of land, worth from $4,500 to $5,000, for $40 to pay a pretended claim of $4.50, is of itself so grossly inadequate as to call for equitable relief, and when taken together with the indifference shown by the trustee to plaintiff's interest, the effect of the statement contained in the notice of sale and the announcement at the sale of its being subject to a prior mortgage, which had been settled, and the action of the beneficiaries in the deed of trust both before and after the sale is surely sufficient to call for affirmative relief. Railroad v. Brown, 43 Mo. 294; Stoffel v. Schroder,

62 Mo. 147; Vail v. Jacobs, 62 Mo. 130; 2 Pomeroy's Equity (2 Ed.), sec. 927; Ames v. Gillesmore, 59 Mo. 537; Phillips v. Stewart, 59 Mo. 491.   (4)   Plaintiffs, believing they had settled all the notes when they paid off the $900 deed of trust in March, 1898, were under no moral or legal obligation to file their deed of release, and defendants can take no advantage of that fact, or derive any benefit therefrom.   Bank v. Buck, 123 Mo. 153.

BURGESS, J.—This is a suit in equity to set aside a trustee's sale under deed of trust of the following described land situate in Polk county, Missouri, to-wit, the south half of the north half and the northwest quarter of the northeast quarter of section twenty, and the south half of lot one of the southeast quarter of section thirty-one, township thirty-five of range twenty-two.   The trial resulted in a judgment and decree in favor of plaintiff setting aside the sale, from which defendants, after unavailing motions for new trial and in arrest, appeal.

The petition alleges that on the seventh day of July, 1896, the plaintiff, Henry Hoffman, was the owner of said land.   That defendants Adams, McKinney & Leavitt were loan agents for the Missouri Trust Company, and as such made to the plaintiff a loan on said land for nine hundred dollars at seven per cent interest, payable semiannually on the first of January and July; that plaintiffs executed their note for the nine hundred dollars with six per cent interest payable as above stated, and that he and his wife executed a deed of trust on said land to secure the payment of said note and interest.   That on the same day they executed ten notes for four and fifty-hundredths dollars each, payable to the defendant Adams; that this represented the other one per cent interest, and executed a deed of trust on the above land to T. G. Rechow as trustee to secure the payment of these notes, which recited that it was subject to the deed of trust for nine

hundred dollars. That it was agreed and understood that plaintiffs should have the privilege of paying off said loan at any time and in case of doing so all interest coupons maturing after such payment should be void. That in order to express such agreement, the following clause was inserted: "It is understood and agreed, however, that in case Henry Hoffman shall fully pay off the aforesaid nine hundred dollars to the Missouri Trust Company on or after July 1, 1898, all of the said notes falling due after said payment shall be cancelled and returned to Henry Hoffman." That they understood from that clause that if they at any time before maturity paid the principal bond all the small notes would be considered paid and cancelled. That plaintiff promptly paid the notes including the one that fell due January 1, 1898, and on the thirty-first day of March paid off the bond and interest, amounting to nine hundred and eighteen dollars. That the trust company returned his bond duly cancelled and also a deed of release releasing the land from the lien of said deed of trust. That plaintiff thought that the payment of the nine-hundred-dollar bond fully discharged the unpaid small notes. That the land is worth five thousand dollars; that it was sold in bulk on December 15, 1898, and was bought by H. C. McCracken for forty dollars; that it was the belief that the nine-hundred-dollar mortgage was outstanding. That the trustee made the deed (it is now sought to set aside) to H. C. McCracken. That there were but few persons at the sale and only two bidders. That the notice of sale failed to describe the notes the mortgage was given to secure, and fails to show why said sale was being made. It fails to show any authority in the trustee to make the sale. It says the land will be sold subject to a prior mortgage without reciting the amount of such mortgage or giving information of what mortgage was intended or any means by which such information could be obtained. That the inadequacy of the consideration is gross and the land was sold in bulk. That by reason of the failure

of plaintiffs to file their deeds of release of the nine-hundred-dollar mortgage it was supposed the same was still outstanding.

There is no fraud or misconduct charged unless it is contained in the allegation that there were only two bidders and the trustee for that reason ought to have adjourned the sale.

Defendants interposed a demurrer to the petition which was overruled. They then filed answer to the petition in which it is denied that the land was not offered for sale in the smallest legal subdivision. It admits that McCracken, the purchaser, believed the nine-hundred-dollar deed of trust was outstanding, and alleges that the deed of release had not been filed for record at the time of sale, and if there was any suppression of bidding at the sale on that account, it was caused by the wrongful and fraudulent act of plaintiffs in failing to record the deed of release. That the sale was in all respects fairly and openly conducted. It further alleges that on January 16, 1899, defendant McCracken entered into a written agreement with Burdett Thayer, as agent and attorney for plaintiffs by which he agreed to re-convey the premises except eighty acres, and that plaintiffs were to make him a conveyance of that eighty within twelve days, and that plaintiffs violated that agreement. The answer also charges that plaintiffs were not the owners of all the land.

It appears from the record that soon after the execution of the deed of trust plaintiff moved to the State of Minnesota, then to different places, and never notified Adams, McKinney & Leavitt when he changed his place of residence. That soon after moving to that State he transferred the land in question to his sister who in turn transferred it to his wife. That plaintiff and his wife thereafter transferred it to one Murrell, in whom the title was at the time of the sale under the deed of trust. That on the thirty-first day of March, 1898, the Missouri Trust Company executed to plain-

tiff a deed of release by which the deed of trust securing the payment of the bond for nine hundred dollars was released, but which deed of release was not filed for record until the twenty-seventh day of January, 1899.

Diligent effort was made by the agents of the trust company to get personal notice on the owner of the land that the note was due for which it was subsequently sold, but the effort was unavailing.

It was recited in the deed of trust under which the land was sold that it was subject to a prior mortgage to the Missouri Trust Company of $900. It appeared from the evidence that the trustee offered the land for sale in forty-acre tracts but could get no bid, and that he did all he could to make the land bring the highest price possible. There were from twenty-five to thirty persons present at the sale. The title to the land at the time of the sale, in so far as the records disclose, was in one Murrell, and, as they did not show that the $900 secured by the prior mortgage had been paid, it was understood that the purchaser at the sale would have to pay about a thousand dollars at least for the land. The trustee had no knowledge that the prior mortgage had been paid off. So that the sale seems to have been made under a mistake of facts without any intention of wronging any person whomsoever.

It is said that the petition fails to state a cause of action, but plaintiff claims that even if this be true, defendants waived the point by answering over after the demurrer to the petition upon that ground was overruled. This position is not, however, well taken, for if there is anything well settled by this court it is, that where a demurrer to a petition has been overruled the defendant if he answers over, does not thereby waive the objection that the petition fails to state a cause of action. [Paddock v. Somes, 102 Mo. 226, and authorities cited.] And this question may be raised for the first time in this court.

The two controlling questions presented by the petition are with respect to the sufficiency of the notice of sale, and the inadequate price for which the land was sold, and if either of these grounds is sufficient to authorize the setting aside of the sale the judgment must be affirmed, but if not sufficient in law to authorize the judgment, it must be reversed.

There was no fraud alleged or proven.

The notice of sale recited that the land would be sold "subject to a prior mortgage," when in fact there was no mortgage on it.    It is true there had been a prior mortgage on the land which was executed by plaintiff to secure the payment of a bond for nine hundred dollars, but it had been paid off though the record did not show that fact, nor did defendants have any knowledge of its payment at the time of the sale. Under these circumstances, unless some one was prevented from bidding on the land by said recital, there would be no ground for setting aside the sale because of it.    But there was at least one witness who testified that he attended the sale to bid on the land, and that he did not bid for the reason that he learned that there was a prior mortgage on the land for nine hundred dollars.

Defendants were not prejudiced by reason of the failure of Hoffman to have placed upon record his deed of release, but if the sale is permitted to stand they are greatly benefited thereby, and get the title to two hundred and forty acres of land for forty dollars for which they thought they were paying nine hundred and forty dollars.    He owed them no duty to record his deed of release, and upon what principle they can claim it was his duty as to them to record the deed of release or that they were misled to their prejudice because of his failure to do so, we are unable to perceive, and it is only upon some such principle that plaintiff could be held to be estopped by his failure to record the deed.

The evidence shows the land to have been worth at the time of the sale four thousand five hundred dollars.    There

were two hundred and forty acres of it, two hundred of which were prairie and forty acres of timber. It was all sold in a body for the paltry sum of forty dollars, less than seventeen cents an acre, to pay a debt of four dollars and fifty cents.

Under these circumstances should the judgment of the court below be reversed, and the sale permitted to stand? We think not. To do so would in effect be taking the property of one man and giving it to another.

As a general proposition, inadequacy of consideration is not of itself a distinct principle of relief in equity, but where there is such a great disparity between the actual value of land and the price which it brings at a forced sale as in this case and the land is sold under the mistaken idea that it is incumbered for quite a large sum (in this case $900) when it is not, and bidders are deterred from bidding by reason thereof, a court of equity will not hesitate to set the sale aside.

In Vail v. Jacobs, 62 Mo. 130, it was held that when property is sacrificed under a deed of trust by sale of a little over a tithe of its value, as where property worth from $5,000 to $8,000 was sold for $1,000, the sale will, on timely application, be set aside.

The sale under consideration comes, we think, within the rule announced in that case, and under the circumstances was properly set aside.

For these intimations the judgment is affirmed. All concur.