CHARLES MERRILL, Respondent, v. A. O. MASON, Appellant.

Kansas City Court of Appeals, December 20, 1911.

1. CONVERSION: Joint Tenants. Defendant, a dealer in farm implements sold a one-half interest in a threshing outfit for which he received the purchaser's mortgage. Plaintiff purchased the other half interest. The first purchaser having defaulted, defendant took the machine and sold it to another person, who took possession of the machine. As the act of defendant in selling the property under his mortgage in no way affected the rights of the plaintiff, and as he still retains his half interest therein, an action for conversion will not lie.

2. ———: ———. Where two persons have a joint interest in the whole of an article of personal property, and not a separate interest in any particular part thereof, the one out of possession cannot recover damages for conversion from the one in possession unless the latter so appropriates the common property as to render its future use to his co-tenant impossible. The mere refusal of the one in possession to recognize his co-tenant's right in the property does not give the latter a cause of action.

3. PLEADING: Conversion: Allegation of Ownership and Right to Possession. A petition in an action for conversion should state that plaintiff is the owner, and entitled to the possession, of the property in question, at the time of the conversion. Where, however, a petition does not contain such allegation and no demurrer is filed, it is proper for the trial court to permit the correction of the petition, after verdict.

Appeal from Nodaway Circuit Court.—*Hon. Wm. C. Ellison*, Judge.

REVERSED.

*W. G. Sawyer* and *Cook, Cummins & Dawson* for appellant.

*W. E. Wiles* for respondent.

BROADDUS, P. J.—This is a suit for conversion in which plaintiff seeks to recover from defendant damages for alleged conversion of a one-half interest in a threshing outfit consisting of an engine and separator. The defendant, Mason, was an implement merchant located at Maryville, and plaintiff was a farmer living in the same vicinity. It is admitted that in February, 1910, the defendant was the owner of said threshing outfit, and that at said date he sold according to plaintiff's evidence a one-half interest in it to one Samuel Moon, but according to defendant's evidence, the whole property. Moon, in payment, executed his promissory note to pay for the purchase price in the sum of $800, to secure which he executed a mortgage upon the property. This mortgage was not recorded. According to plaintiff's evidence, during the time Moon had a contract for one-half of the machine, but before the papers had been signed, he was operating it at the home of plaintiff. Plaintiff having learned that Moon was the owner of one-half of the machine, wanted to purchase the other half, and with that purpose he and Moon met defendant at his place of business. The defendant priced the one-half of the machine at $400. The plaintiff agreed to the price and under the terms of the sale plaintiff executed two notes payable to defendant, one for $50 and the other for $350, due respectively September 1st, and December 1st, 1910, to secure the payment of

which he executed a mortgage upon the machine and two of his horses.

Defendant testified that at the time he made the sale to plaintiff it was the understanding that he would have to pay off the Moon mortgage; that: "He understood that he was to give $400 for half of the machine, but he would have to see that Moon's $800 was paid off and as the machine was in my possession he agreed to that before he could get the machine." Plaintiff denies any such understanding or agreement. Moon made default in the payment of his note to defendant who took possession of the machine on the 29th day of December, 1910, and afterwards on the 13th day of January, 1911, after having posted notice of his intention to foreclose the mortgage by sale of the property, sold the same to one Elmer Rinehart who took possession. The evidence of the plaintiff was that the outfit at the time of the sale was of the value of $900 or $1,000. It was also shown that he paid to defendant in full the amount of the two notes he executed to him for his one-half interest in the machine. At the close of all the evidence the defendant asked the court to instruct the jury to return a verdict in his behalf. The instruction was refused. The jury returned a verdict for plaintiff for $400.

After the jury had returned the verdict plaintiff asked leave to amend his petition to conform to the proof. Leave was granted and plaintiff filed his amended petition as follows: "Plaintiff for cause of action states that on the 13th day of January, 1911, he was lawfully possessed as of his own property, and was entitled to the immediate possession of a one-half interest in certain goods, chattels and personal property, of the reasonable aggregate value of $800, to-wit: a one-half interest in one Russell, 30x40, separator and threshing machine, and one-half interest in one Russell (or Gaar-scott) 10 H. P. engine, which said goods, chattels and personal property were then of the value

of four hundred dollars; that afterwards, to-wit: on
the 13th day of January, 1911, the defendant being then
and there in possession of said goods, chattels and per-
sonal property, unlawfully converted to his own use
and disposed of the same, to plaintiff's damage in the
sum of four hundred dollars. Wherefore, plaintiff
prays judgment against the defendant for the sum of
four hundred dollars, together with interest on the
same from the 13th day of January, 1911, and all costs,
and all other relief, meet and just.'' The defect in the
original petition was a failure to allege that plaintiff
at the time of the alleged conversion was the owner
of and entitled to the possession of one-half of the
property.

The defendant appealed from the judgment, and
insists in the first place that under the pleadings and
evidence plaintiff did not make out his case. One rea-
son assigned for this position is that the petition did
not state that plaintiff was the owner of and entitled
to the possession of the property at the time of the
alleged conversion. Had defendant made this objec-
tion to the petition by demurrer it would have been
good and there is no doubt but what the court would
have so decided. [Bank v. Fisher, 55 Mo. App. 51;
Schwald v. Brungis, 139 Mo. App. 516; Bank v. Land
Co., 152 Mo. 145; Golden v. Moore, 126 Mo. App. 518.]
But defendant should have demurred to the petition
before he went into trial. The courts are not inclined
to encourage such lack of diligence. This court held
that such a defect may be cured by amendment when
it is called to the attention of the trial court on hearing
of the motion in arrest of judgment. [Golden v. Moore,
supra.] It is also held where no demurrer to the peti-
tion is filed, such objection is not good after verdict.
[State ex rel. v. Reynolds, 137 Mo. App. 261; McDon-
ald v. Mangold, 61 Mo. App. 291.]

It is insisted that as plaintiff and Moon, being
partners in the property, each had a joint interest in

the whole, but not a separate interest in any particular part of the partnership property, he has no cause of action severally for conversion against a joint owner. Such is the rule as to joint owners of personal property. [Johnson v. Bank, 102 Mo. App. 395.] And it is held that: "A tenant in common can only be held liable for conversion where he so appropriates the common property as to render its future use to his co-tenant impossible." The fact that one tenant in common refused to recognize his co-tenant's right in the property will not give the latter a cause of action for conversion against the former. [Sheffler v. Mudd, 71 Mo. App. 78.] As we see the case Moon and plaintiff after the foreclosure sale of the property by defendant were no longer tenants in common. Although the mortgage as to plaintiff was invalid in so far as his one-half interest in the property was concerned, it was valid in so far as it affected the interest of Moon, and the foreclosure sale at which Rinehart was the purchaser invested in him Moon's interest and he thereby became a tenant in common with the plaintiff. The plaintiff is in no position to claim that the foreclosure sale was invalid as his one-half interest was in no way affected thereby. The action of defendant in selling the property under his mortgage in no way affected the rights of the plaintiff as he still retains his one-half interest therein.

Reversed. All concur.