# EDWARD F. O'TOOLE, Respondent, v. SAMUEL M. LOWENSTEIN et al., Appellants.

### St. Louis Court of Appeals, November 4, 1913.

1. **CONVERSION: Possession or Right of Possession: Pleading: Sufficiency of Petition.** A petition, in an action for conversion, alleging that plaintiff "was the owner of a large number of concrete blocks," located at a place which was described, and that "defendants took possession of a large number of said blocks, and unlawfully converted same to their own use, to the damage of plaintiff," did not state facts sufficient to constitute a cause of action, in that it failed to allege that plaintiff had, or was entitled to, the possession of the concrete blocks at the time of the conversion.

2. ——: ——: ——: ——: **Appellate Practice.** The failure of a petition, in an action for conversion, to allege that plaintiff had, or was entitled to, the possession of the articles alleged to have been converted is not waived, under Sec. 1804, R. S. 1909, by reason of defendant's failure to demur, since the petition, without such averment, fails to state a cause of action, rendering it vulnerable to attack in the appellate court for the first time.

3. **PLEADING: Fatal Defects in Petition: Effect of Failure to Demur: Appellate Practice.** Where a petition fails to state a cause of action, the defects are not waived, under Sec. 1804, R. S. 1909, by reason of defendant's failure to demur, and its sufficiency may be questioned on appeal for the first time.

4. ——: **Amendment of Petition: Amendment After Arresting Judgment.** Under Sec. 2026, R. S. 1909, a petition may be amended in the trial court, even after the judgment has been arrested, if the amendment might have been made before trial, and the case is then to proceed in accordance with the practice of the court, without a new trial being granted.

5. **NEW TRIAL: Arresting Judgment: Trial Practice.** The sustaining of a motion in arrest of judgment does not necessarily result in a new trial.

6. **PLEADING: Statute of Jeofails: Defects Cured.** The ninth subdivision of the statute of jeofails (Sec. 2119, R. S. 1909), prohibiting reversals for omitting any allegation without proving which the jury should not have given such a verdict, merely declares the common law rule that a verdict will aid a cause of action defectively stated, and does not cure the failure of the petition to state facts sufficient to constitute a cause of action.

O'Toole v. Lowenstein.

7. ——————: **Liberal Construction of Petition: Aider by Verdict.** A petition is liberally construed after verdict and is aided by every reasonable intendment which can be inferred from its allegations, and if such inferences tend with reasonable certainty to supply omitted allegations, the petition is sufficient; but a fact which the petition wholly fails to allege, even by inference, cannot be supplied in that way.

8. ——————: **Statute of Jeofails: Amendment on Appeal: Conversion.** Under the ninth subdivision of the state of jeofails (Sec. 2119, R. S. 1909), which forbids reversals for omitting any allegation without proving which the jury ought not to have rendered their verdict, and Sec. 2120, which provides that omissions enumerated in the statute of jeofails may be supplied in the appellate court, if the amendment is not contrary to justice, or does not change the issues, a petition which wholly fails to state a fact essential to constitute a cause of action, such as the possession or right of possession of one suing in conversion, cannot be amended in the appellate court so as to supply such fact.

9. **APPELLATE PRACTICE: Supreme Court: Controlling Decisions.** The Courts of Appeals are to be guided by the last previous decision of the Supreme Court on the subject.

10. ——————: **Fatally Defective Petition: Disposition of Case: Conversion.** In view of the fact that the plaintiff, in an action for conversion, could have amended his petition in the trial court, even after judgment, so as to allege that he had the possession or the right of possession of the articles alleged to have been converted, the appellate court, on reversal of the judgment because the petition failed to so allege, will remand the cause for another trial.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

Reversed and remanded.

*Frank A. C. MacManus* and *Chas. A. Smith* for appellants.

The petition in this cause is fatally defective, and does not state a cause of action, as against Friedman, for it in no place alleges that at the time of the alleged conversion "plaintiff was entitled to the possession" or "had the right of possession of the particular

goods" described or attempted to be described in the petition; and the refused demurrer offered by defendants at termination of plaintiff's case, should have been given. Bank v. Tiger, T. M. & L. Co., 152 Mo. 145; Schawald v. Brunjes, 139 Mo. App. 672; Chandler v. West, 37 Mo. App. 631; Barnett v. Timberlake, 57 Mo. 499.

*Kinealy & Kinealy* for respondent.

(1) Appellants' point that the petition is defective because it fails to allege plaintiff's possession comes too late after trial and judgment. Merrill v. Mason, 159 Mo. App. 605. (2) The case was tried in the court below on the theory that there were only two questions in it, viz: 1st. Did Lowenstein, assignee, in delivering the blocks to O'Toole, tell him that he was to get all the blocks except 200 in two designated rows; and 2nd, did defendants remove the 1077 blocks after the date of the sale to O'Toole. The case having been tried on that theory it must be considered by this court on the same theory. St. Louis v. Cont. Co., 210 Mo. 491; Bank v. Zook, 133 Mo. App. 603.

NORTONI, J.—This is a suit in trover as for the conversion of a number of concrete blocks. Plaintiff recovered and defendants prosecute the appeal.

The principal point relied upon for a reversal of the judgment relates to the sufficiency of the petition, in that it fails to aver plaintiff was either in possession, or entitled to the possession, of the property at the time of the conversion. Omitting caption and signatures, the petition is as follows:

"Plaintiff states that at the times hereinafter mentioned he was the owner of a large number, to-wit five thousand three hundred, of concrete blocks located on the premises formerly occupied by the St. Louis Hollow Concrete Block Construction Company on North Broadway near the Wabash Railroad in the said

city of St. Louis, and that on or about the — day of May, 1908, the defendants took possession of a large number of said blocks, to-wit, eleven hundred, and unlawfully converted same to their own use to the damage of plaintiff in the sum of eleven hundred dollars.

"Plaintiff therefore prays judgment against the defendants in the sum of eleven hundred dollars together with costs."

There can be no doubt that the action of trover as for conversion lies only when plaintiff has been in possession of the goods or has such property in them as draws to it the right of possession. This being true, the action is bottomed not alone on the ownership, but on the possession or right of possession of the property in plaintiff as well. It is to be observed that while the petition here alleges ownership of the property in plaintiff, it contains no averment to the effect that he was either in, or entitled to, the possession of the property at the time. The Supreme Court has declared pointedly that such a petition is insufficient in that it omits an averment essential to the plaintiff's cause of action for there may be ownership—a right of property—without possession. [See Bank v. Tiger Tail Mill & Land Co., 152 Mo. 145, 156, 157, 53 S. W. 902. See, also, to the same effect, Schwald v. Brunjes, 139 Mo. App. 516, 123 S. W. 472.]

No demurrer was interposed to the petition and it is therefore argued on the part of plaintiff that it must be regarded as sufficient after verdict, even though a substantial averment is omitted therefrom. There can be no doubt that, when a cause of action is but defectively stated in a petition, the omission is waived, if not raised until after verdict, and no demurrer has been interposed. But be this as it may, the statute (Sec. 1804, R. S. 1909) pointedly provides the objection that the petition does not state facts sufficient to constitute a cause of action shall not be regarded as waived by the omission to demur thereto. Indeed, such defect is

universally regarded as a fatal one which may be brought forward for the first time in the appellate court, as has been frequently determined. [See Hoffman v. McCracken, 168 Mo. 337, 67 S. W. 878; Peltz v. Eichele, 62 Mo. 171.] So it is the petition must be treated here as insufficient to state facts constituting a cause of action against defendants, for that it omits to allege plaintiff was either in possession of the property alleged to have been converted, or such facts as revealed a right of possession in him at the time.

But it is argued by plaintiff that the petition is sufficient after verdict for the reason it was amendable, even after judgment, in the trial court. It is true amendments have been allowed to supply the identical averment omitted here, in suits of this character, after verdict, as will appear by reference to the case of Merrill v. Mason, 159 Mo. App. 605, 141 S. W. 454, and also on the hearing of the motion in arrest of judgment, as will appear by reference to Golden v. Moore, 126 Mo. App. 518, 104 S. W. 481, and such amendment, so allowed by the trial court, declared entirely proper, when reviewed on appeal. There can be no doubt that the propositions decided in the cases cited are well considered and determined, in view of our statutes authorizing amendments. The Code provisions are liberal with respect to amendments.

Section 1847, Revised Statutes 1909 permits an amendment to the petition when the variance between the allegation and the proof is not material, and section 1848 authorizes an amendment in furtherance of justice by the insertion of allegations material to the cause, when such course does not substantially change the claim or defense and conforms the pleading to the facts proved. Moreover, by section 2026, Revised Statutes 1909, the trial court is commanded, even when a judgment shall be arrested, to allow an amendment in all cases when the same amendment might have been made before trial, and the statute directs that the cause

shall again proceed according to the practice of the court. Under this statute last cited, amendments may be allowed even on the hearing of the motion in arrest, as was done in Golden v. Moore, 126 Mo. App. 518, 104 S. W. 481, and the case is to proceed in accordance with the practice of the court, and this, too, without the granting of a new trial, for the reason a motion in arrest, though sustained, does not necessarily result in a new trial. [See Stid v. Mo. Pac. R. Co. 211 Mo. 411, 415, 109 S. W. 663.] But be all of this as it may, no such amendment was made in the instant case nor was an application to do so presented and denied. The matter therefore stands before us as a judgment resting upon a petition insufficient in substance as its support.

The statute of jeofails (Sec. 2119, R. S. 1909) is not available in aid of the defect in the petition here. It is true that the ninth subdivision of that statute provides that no judgment shall be reversed for omitting any allegation or averment without proving which the triers of the issue ought not to have given such a verdict. But from an early date a narrow construction has been placed upon this provision, and it is said that it is only declarative of the common law that a verdict will aid a cause of action defectively stated, but not a defective cause of action. [See Welch v. Bryan, 28 Mo. 30.] In other words an omission of an essential averment of the petition is not cured by this section of the statute. [See Andrews v. Lynch, 27 Mo. 167; Falls v. Daily, 74 Mo. 74; see, also, Munchow v. Munchow, 96 Mo. App. 553, 70 S. W. 386.] It is true the Kansas City Court of Appeals intimates, in the case of Merrill v. Mason, 159 Mo. App. 605, 608, 141 S. W. 454, that where no demurrer to the petition has been interposed, in a suit in conversion, as here, for the omission of competent averments touching the matter of plaintiff's possession, the objection thereto is waived after verdict in every instance. No such question was made in that

case, as the petition had been actually amended on the coming in of the verdict in the trial court, and the remarks are obviously *obiter*. It is certain that such is not the rule of decision which obtains with respect to this subject-matter, for, under the authorities above cited, the omission of a substantive averment in a petition is not cured, even after verdict, under the operation of the statute of jeofails.

Although petitions are liberally construed after verdict and declared sufficient in every case where a cause of action is but defectively stated, the rule is not the same where something is omitted which is necessary to the petition to reveal a cause of action. After verdict, petitions are liberally construed by utilizing every implication and intendment the words therein afford, and all reasonable inferences from such words are gathered in aid of the pleader. When such implications and inferences tend with reasonable certainty to supply the omitted averment of fact, the petition is regarded sufficient, as will appear by reference to the following authorities in point. [See Thomasson v. Mercantile, etc. Ins. Co., 217 Mo. 485, 116 S. W. 1092; Munchow v. Munchow, 96 Mo. App. 553, 70 S. W. 386.] But no such implications or inferences appear in the petition before us. Indeed, the Supreme Court declared a petition in trover as for conversion in almost the identical words as the one above copied insufficient, for the reason that, though it alleged plaintiff was the owner of the property said to have been converted, no allegation to the effect that plaintiff had possession or the right to possession appeared. And the court concluded consideration of the subject by pointing out that no such averment, either express or by implication, was to be found in the petition. There is nothing in the petition before us affording a reasonable inference to the effect that plaintiff either had possession of the concrete blocks or that he was entitled to possession thereof at the time and no implications from the words

used aid the matter in any respect. This being true, the petition must be regarded insufficient even after judgment and even though a demurrer was not interposed to it.

Finally, it is insisted that the petition may be amended here, and the statutes (Secs. 2119, 2120) are relied upon. The statute of jeofails (Sec. 2119) forbids the reversal of a judgment for omitting any allegation or averment without proving which the triers of the issue ought not to have given such a verdict. And section 2120 provides substantially that omissions and imperfections enumerated in the statute of jeofails may be amended in the appellate court, if such amendment is not against the right and justice of the matter and does not operate to alter the issues between the parties. It is quite probable that the Legislature intended amendments should be made here in cases of the character of this one. Under the statutes, amendments have been allowed in the appellate courts with respect to the name of a party to the suit, as in Witte Iron Works v. Holmes, 62 Mo. App. 372; Cruchon v. Brown, 57 Mo. 38; State ex rel. Bell v. U. S. Fidelity etc. Co., 236 Mo. 352, 366, 139 S. W. 163. So, too, has the return of an officer been permitted to be amended in the appellate court, as in Muldrow v. Bates, 5 Mo. 214; Holtschneider v. Ry., 107 Mo. App. 381, 81 S. W. 489. Moreover, in Weil v. Simmons, 66 Mo. 617, 619, it is said the statute is as broad as eternity and is designed to cure every conceivable blunder. However this may be, we are to be guided by the last previous decision of the Supreme Court on the subject. It appears that the more recent cases consider these statutes in connection with section 1804, Revised Statutes 1909, which seems to contemplate the objection that a petition does not state facts sufficient to constitute a cause of action is available at any time either in the trial or appellate court. Whether the cases expressly cite this section or not is immaterial, for they reflect a rule deduced from

the principle it portrays, and deny the right to amend a substantial averment which is an essential to the cause of action. The distinction between the defective state-ment of a good cause of action and an entire failure to state a cause of action seems to be adhered to. Obviously, it was in this view the Supreme Court denied the right of amendment there in St. Louis v. Wright Contracting Co., 210 Mo. 491, 500, 501, 109 S. W. 6, where it was sought to strike out a substantive averment in the petition and substitute another one essential to the cause of action. The court said this was not allowed and not contemplated by the statutes. Therefore, the right to amend here should be denied in the instant case, for it appears the petition entirely fails to state a cause of action. However, as it was competent to amend in the trial court, and that, too, even after judgment, on application in due time, we believe it to be proper to remand the case for another trial, as was done in Schwald v. Brunjes, 139 Mo. App. 516, 123 S. W. 472.

The judgment should be reversed and the cause remanded, with leave to the plaintiff to amend. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.