## TWENTIETH CENTURY MACHINERY COMPANY v. EXCELSIOR SPRINGS MINERAL WATER & BOTTLING COMPANY, Appellant.

### In Banc, February 2, 1918.

1. **APPELLATE PRACTICE: Trial by Court: No Instructions.** If there was substantial evidence to sustain the finding of the trial court that defendant converted to its own use certain personal property belonging to plaintiff,.in a case tried by the court sitting as a jury and submitted without instructions, that finding is binding upon the appellate court, if the petition stated a cause of action.

2. **CONVERSION: Sales: Retention of Title in Vendor: Notice to Assignee.** Where by written contract the title of personal property is retained by the seller until fully paid for, à defendant who purchases from the vendee with notice of the vendor's ownership is liable to the vendor for its reasonable market value.

3. ————: **Right to Possession at Time of: Cause of Action: Tried as If Alleged: Waiver.** The vendor sold four pieces of machinery, retaining the title until paid for. Subsequently the agreement was cancelled as to two pieces, and thereafter the property was sold to defendant with notice, and the case was tried on the main question of whether the original agreement was so modified by the simple exclusion of the two pieces as left the vendor the owner of the remaining pieces at the time the defendant purchased from the vendee. The petition did not specifically allege that the vendor was entitled to the possession at the time of the alleged conversion by the defendant. The attention of the trial court was not called to this alleged defect, either during the trial or specifically in the motion for arrest, but the evidence went in without objection and no instructions were asked. *Held*, by GRAVES, C. J., and WOODSON and WILLIAMS, JJ., that it will not be ruled by the appellate court for the first time that the petition was defective in this respect, but the cause having been tried and disposed of just as it would have been had the petition contained the alleged necessary allegation, and there being substantial evidence to support the finding for the vendor, the judgment will be affirmed. [Distinguishing O'Toole v. Lowenstein, 177 Mo. App. 662.]

    *Held*, by BLAIR, J., concurring, with whom WALKER, J., concurs, that the point that the petition does not sufficiently allege a cause of action is not presented by the record, and the petition should be held sufficient, in aid of the verdict.

    *Held*, by BOND, J., dissenting, that the holding in O'Toole v. Lowenstein, 177 Mo. App. 622, was correct.

Appeal from Clay Circuit Court.—*Hon. Frank P. Divelbiss*, Judge.

AFFIRMED.

*Craven & Moore* and *Culver & Phillip* for appellants.

(1) An offer met by a counter offer is in law rejected *in toto* and there must be evidence that such offer was renewed and accepted before its terms became binding on the parties making it as a contract. Bronson v. Implement Co., 135 Mo. App. 483; Wire Mfg. Co. v. Broderick, 12 Mo. App. 378; Shickle v. Iron Co., 84 Mo. 161; Cangos v. Mfg. Co., 37 Mo. App. 297; Tufts v. L. S. Sams & Sons, 47 Mo. App. 487; Railway v. Joseph Joseph & Bros. Co., 160 Mo. App. 174; McLean v. Gyen Assn., 61 Mo. App. 55; Mfg. Co. v. Broderick, 61 Mo. App. 378 (2) Where an offer is made, and rejected by the parties to whom it is made, then a performance or partial performance of the thing under negotiation, by either party, does not show either a renewal of the terms of the offer or an acceptance thereof by the party to whom it was made. Sterling & Sons v. Watson & Bennett Co., 159 N. W. (Mich.) 381; Frank v. McGilvray, 107 N. W. (Mich.) 886; Bowen v. Hart, 101 Fed. 376; Davis v. Thomas, 64 Pac. (Colo.) 187; Theuber v. Smith, 64 Atl. (R. I.) 790; Treat v. Ullman, 69 N. Y. S. 974; Sibley Glass Works v. A. S. Barnes Co., 33 N. Y. S. 508, 86 Hun, 374; Jurnes v. Iron Co., 53 Me. 20; Van Valkenburg v. Rogers, 18 Mich. 180. (3) It is elementary that a plaintiff cannot maintain trover unless he has the right of possession. He may have the legal title to the property; but if the defendant is in the rightful possession of it, trover will not lie. Therefore a petition which fails to state directly or inferentially that plaintiff is entitled to the possession of the property sued for states no cause of action. We concede that if the petition stated a cause of action defectively, failure to demur or to object to the introduction of testimony would waive the defect.

But if the petition states no cause of action at all, as in the case at bar, the defect can be taken advantage of, even in this court, for the first time. 38 Cyc. 2032.

*Richard I. Bruce* and *Goss & Rooney* for respondent.

(1) The court below was correct in its finding for plaintiff; thereby recognizing that the contract entered into between plaintiff and appellant was severable, and, although the contract of sale was not fully completed on the part of plaintiff, subsequent correspondence confirmed the contract in so far as it was applicable to the machine, the judgment for the value of which was found for plaintiff, and as to the terms of payment. 35 Cyc. 5; Mulchaey v. Dieudenne, 103 Minn. 352; Richards v. Shaw, 67 Ill. 222; Roberts v. Beatty, 2 Penr. & W. (Pa.) 63; Sanders v. Short, 86 Fed. 225, 30 C. C. A. 462. (2) Appellant made full acceptance of such machinery as was actually shipped as a part of the contract by its use of the same. 35 Cyc. 2; Mfg. Co. v. Pastor, 97 N. W. (Wis.) 904; Glass Co. v. Friedlander, 84 Wis. 53. (3) The court below found, by its judgment, in effect, that plaintiff was entitled to the possession of the machine sued for; and any objection to the failure of the petition to so state should have been raised by demurrer before defendant went into trial, or called to the attention of the court by the motion in arrest of judgment. It is here too late to raise the point for the first time. Merrill v. Mason, 159 Mo. App. 605. (4) This case was tried and was acted upon at all times upon the same theory. There was no change in the attitude at any time and both parties treated the matter as though the question now raised by appellant was in the case throughout the course of the trial. 261 Mo. 558.

RAILEY, C.—This is an action brought in the circuit court of Clay County, Missouri, on May 7, 1913, to recover the value of certain personal property belonging to plaintiff and which, it is alleged, was con-

verted by defendant to its own use. The case was tried before the court, without a jury and without instructions. On December 15, 1913, the trial court found the issues in favor of plaintiff, except as to one item of the value of $55, and in due form entered judgment in favor of respondent and against appellant, for $1,143.75, and costs. The cause was duly appealed by defendant to the Kansas City Court of Appeals, where it was duly abstracted and briefed by the respective parties. The Court of Appeals affirmed the judgment of the trial court, in an opinion written by Judge JOHNSON, in which all the members of the court concurred. The case was certified to this court by the Court of Appeals, on account of a conflict between its ruling and that of the St. Louis Court of Appeals in O'Toole v. Lowenstein, 177 Mo. App. 662.

The opinion of the Kansas City Court of Appeals, as well as the reason for certifying the case to this court, will be found reported in 171 S. W. 944. We deem it unnecessary to set out the opinion of the Court of Appeals herein, but the same may be considered as published supra, in connection with the supplemental suggestions made by us in respect to the case.

I. Was the trial court justified, under the facts presented in the record before us, in finding that defendant was guilty of converting to its own use, in June, 1909, certain machinery belonging to plaintiff, which the latter had conditionally sold to the Excelsior Springs Bottling Company, or Henry Ettenson, on March 4, 1909? In passing, it should be kept in mind, that the case was submitted to the court without a jury and without instructions. If there was substantial evidence at the trial sustaining the action of the court in finding for the plaintiff, we are bound by its decision in respect to this matter, unless the alleged failure of the petition to state a good cause of action precludes a recovery upon the part of respondent. [Buford v. Moore, 177 S. W. l. c. (Mo.) 872, and

cases cited; Kille v. Gooch, 184 S. W. (Mo.) 1158; Coulson v. La Plant, 196 S. W. (Mo.) l. c. 1146. ]

The original agreement between plaintiff and the Excelsior Springs Bottling Company, or Henry Ettenson, dated February 11, 1909, contemplated a sale by plaintiff of four pieces of machinery, of the estimated value of $1800. This agreement was reduced to writing and signed by said parties. It contained, among other things, the following:

"Party of the first part retains title of the property until fully paid in cash. This agreement is not binding on the party of the first part until approved by its own office at Milwaukee, Wisconsin."

There was no formal acceptance of the order sent to Ettenson from plaintiff's office at Milwaukee. Two of the machines described in the original agreement were not of plaintiff's manufacture. On March 6, 1909, it wrote Ettenson that it could not furnish the two machines above mentioned.

Upon the cross-examination of M. M. Coakley, by Mr. Moore, counsel for defendant, she testified as follows:

"Q. How did it come the labeler and the Eick washer were not shipped? A. As I recall it, the Excelsior Springs Bottling Company cancelled the order for the Eick washer and the labeler after they placed this contract. . . .

"Q. But at any rate it was agreed on before the articles that you did ship were billed out? A. That we were to accept the cancellation?

"Q. Yes. A. Yes, it would not be anything we would probably dispute."

This testimony, thus brought out by counsel for defendant, was not objected to, nor did defendant's counsel ask to have it withdrawn after showing that the correspondence between the parties was in writing. We do not agree with counsel that any letter was introduced in evidence contradicting this testimony. On the contrary, it is in line with plaintiff's letter of March

6, 1909, to the Excelsior Springs Bottling Company, wherein the latter had been solicited to accept another machine. The testimony of this witness tends to show that the Excelsior Springs Bottling Company, instead of taking another machine, cancelled the order for the labeler and washer formerly ordered. After this, the soaking machine and rinser were delivered to the Excelsior Springs Bottling Company, or Ettenson, and duly installed in their factory. Plaintiff billed the above machinery to Ettenson for $962.75, and on June 23, 1909, received from the Excelsior Springs Bottling Company, per Ettenson, a letter containing, among other things, the following:

"We are just in receipt of your statement for $962.75 *which should be $900, as that is our contract price.* . . . *We will not pay it until the machine has been tested.* . . . *We refer you to your contract, which says the money is to be paid after the machinery is installed.*" (Italics ours)

The original agreement of February 11, 1909, contains the following:

"Said party of the second part hereby agrees to pay said party of the first part as the purchase price, the sum of one thousand and eight hundred no/100 . . . dollars, F. O. B. factories. Terms: ⅓ of this said sum to be paid 30 days after receipt of machines. ⅓—30 days—and the remaining in 60 days thereafter or 2% spot cash 10 days *after installation of machines,*" etc.

Taking into consideration the foregoing facts, as well as other circumstances pointed out in the opinion of the Court of Appeals, we are satisfied that the trial court had before it *substantial* evidence tending to show that both Ettenson and plaintiff understood, from the dealings between them, that the original agreement was modified as to above items, and that the title to said property actually delivered was to remain in plaintiff until paid for by the Excelsior Springs Bottling Company, or Ettenson. The defendant having bought said property from the Excelsior Springs Bottling Com-

pany, or Ettenson, with notice of plaintiff's ownership, became liable to it in this action for the reasonable market value of same.

II.    The case has been certified to this court, by the Kansas City Court of Appeals, on account of its ruling being contrary to the decision of the St. Louis Court of Appeals in O'Toole v. Lowenstein, 177 Mo. App. 662.    In the latter case it was held that a petition for the conversion of personal property which failed to allege that plaintiff was entitled to the possession thereof at the time of the alleged conversion, did not state a good cause of action.    The ruling of said court, considered as an abstract proposition of law, and without any reference to what occurred at the trial, may be taken as correct, but on the óther hand, the parties to the action, in the admission and rejection of testimony in the trial court, may proceed as though the petition contained said averment, in which event, they will be bound by the course thus pursued.

*Cause of Action: if Alleged. Tried as*

.    Defendant, in its original brief filed in the Kansas City Court of Appeals, said:

"Plaintiff recovered on the theory that it had, by contract, retained title to the machinery sold to Henry Ettenson, defendant's grantor; that Ettenson annexed the machinery to a building which he then deeded to the defendant, and that such deed and defendant's possession thereunder, constituted a conversion."

We have held in the preceding proposition, that there was *substantial* evidence before the trial court to sustain plaintiff's contention, that it was the *owner* of the property in controversy until paid for by defendant's grantor.    The question, as to whether the original agreement between the parties was modified by simply excluding two items of machinery, and leaving plaintiff the owner of the remaining items until paid for, was the *main* question in the case. Although a motion in arrest of judgment was filed in the trial court, on the ground that the petition failed to state a cause of action and because the judgment was erroneous, yet,

it nowhere appears that the attention of the trial court was *specifically* called to the failure of the petition to allege that plaintiff was entitled to the possession of the property at the time of its conversion. *No objection was made to the introduction of plaintiff's evidence on this account, nor was any instruction submitted on this question.* The case was tried in the court below upon the theory that plaintiff *either* remained the owner of said property up to the time of said conversion, *or* it parted with its title when the goods were sold and delivered to defendant's grantor. If the latter issue had been found in favor of defendant, it would have ended plaintiff's case. On the other hand, when plaintiff's continued ownership of said property was sustained by the court, it carried with it the right of possession at the time of its conversion. Under the evidence, if the attention of the trial court had been directed to the alleged defect in the petition, plaintiff would undoubtedly have been entitled to amend its petition so as to have it conform to the proof offered, without objection. Cases may arise, in which a petition is held defective for the first time in the appellate court. This ruling, however, should not be applied in a case of this character, *where the evidence goes in without objection, where no instructions are asked, and where the cause is tried and disposed of, just as it would have been, had the petition contained the foregoing averment.* This principle of law is sustained by the following authorities: Sawyer v. Wabash Ry. Co., 156 Mo. l. c. 476-7; Winn v. Railroad, 245 Mo. 406; Tebeau v. Ridge, 261 Mo. l. c. 559-60-1; Shimmin v. C. & S. Mining Co., 187 S. W. (Mo. App.) l. c. 77; Cook v. Kerr, 192 S. W. (Mo. App.) l. c. 468; Sec. 2119, R. S. 1909; secs. 1850-1, R. S. 1909.

Speaking generally, the plaintiff is entitled to recover, if the defendant fails to answer. Yet if the parties go to trial and the case is heard by the court as though an answer had been filed, the plaintiff will not afterwards be permitted to take a judgment by default or for want of answer in the case. The same rule ap-

plies, where new matter is pleaded in the answer and no reply is filed, but the evidence is heard, and the case disposed of, as though a reply had been filed.

On the facts disclosed by the record before us, we are of the opinion that the ruling of the Kansas City Court of Appeals on this subject was correct.

III. The conclusions reached by the Kansas City Court of Appeals herein, meet with our approval. The judgment of the trial court is accordingly affirmed.

*Brown, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of Court in Banc. *Graves, C. J., Woodson* and *Williams, JJ.,* concur. *Blair, J.,* concurs in separate opinion, in which *Walker, J.,* joins. *Bond, J.,* dissents and concurs in view expressed in O' Toole v. Lowenstein, 177 Mo. App. 662.

BLAIR, J. (concurring)—I concur in the result. The question discussed in the second paragraph is not, in my opinion, presented by the record. The petition in this case is substantially the same as that considered in Warnick v. Baker, 42 Mo. App. 439, and should be held sufficient, in aid of the verdict, on the principle announced in that case. Baals v. Stewart, 109 Ind. 371; Kerner v. Boardman, 14 N. Y. Supp. 787, 133 N. Y. 539; and Brickley v. Walker, 68 Wis. 563, support the same conclusion.

*Walker, J.,* concurs.