**Thomas H. HENSON (Plaintiff), Respondent,**

**v.**

**Morris MARKOWITZ and Dora Markowitz (Defendants), Appellants.**

**No. 30447.**

St. Louis Court of Appeals.
Missouri.

Dec. 20, 1960.

Action for unlawful conversion of personal property. From adverse judgment of the Circuit Court, St. Louis County, John J. Kelly, Jr., J., the defendants appealed. The St. Louis Court of Appeals, Ruddy, J., held that complaint alleging that plaintiff placed personal property with defendant for storage and safekeeping for a monthly charge and that defendants converted to their own use all of said items

of personal property belonging to plaintiff and that defendants refused to return the property on demand, sufficiently alleged facts from which it could be legally inferred that plaintiff was entitled to possession of personal property involved at time of its conversion and was sufficient to state a cause of action.

Gerald Cohen, William L. Mason, Jr., St. Louis, for appellants.

Walter Wehrle, Thomas W. Wehrle, Wehrle & Wehrle, Clayton, for respondent.

RUDDY, Judge.

This is an action for unlawful conversion by defendants of certain personal property of the plaintiff. The verdict of the jury for actual and punitive damages was in favor of plaintiff. From the judgment entered by the court, defendants appeal.

The sole point relied on by defendants is that the trial court erred in overruling defendants' motion to dismiss plaintiff's petition. Defendants contend that the petition fails to state a claim upon which relief can be granted.

The pertinent parts of the petition are as follows:

"Comes now the plaintiff and, for his cause of action states:

"1. That on or about the fourth day of November, 1954, plaintiff stored items of personal property hereinafter listed with the defendants and defendants accepted said items of personal property for storage and safekeeping for a monthly charge of Three Dollars ($3.00).

"2. That between the time of November 30, 1954 and February 15, 1955, the said defendants appropriated and converted to their own use all of said items of personal property belonging to the said plaintiff, and that on or about February 15, 1955, plaintiff made a demand on defendants to return his said personal property but defendants willfully refused and still refuse to return said personal property to plaintiff.

"3. The personal property of plaintiff heretofore mentioned in Paragraph 1 of plaintiff's petition is herein more fully described: (Here follows an itemization of furniture, clothing, books, and other miscellaneous items.)

"4. That the reasonable market value of said items of personal property is in the sum of One Thousand Dollars ($1,000.00).

"5. That the defendants willfully, maliciously, wantonly, wrongfully, and unlawfully converted said personal property to their own use and to the damage of plaintiff, for which plaintiff prays punitive damages in the sum of Four Thousand Dollars ($4,000.-00), against the defendants as punishment for their unlawful acts heretofore set out."

Defendants contend that the petition fails to state a claim for two reasons, the first of which is, that it fails to aver that plaintiff was in or entitled to the possession of the personal property in question at the time of the conversion.

In this connection defendants assert that the failure to allege that plaintiff had the possession or the right to possession of the

personal property at the time of the alleged conversion is a fatal deficiency in said petition, further asserting that a mere allegation of ownership is not enough, citing in support of their contention the cases of Citizens' Bank of St. Louis v. Tiger Tail Mill & Land Co., 152 Mo. 145, 53 S.W. 902, and O'Toole v. Loewenstein et al., 177 Mo.App. 662, 160 S.W. 1016.

The aforesaid cases do hold that if a petition fails to state that plaintiff had possession or the right to possession of the property sued for at the time of conversion, it is insufficient. However, these same cases and many others hold that if a petition states facts from which it can be legally inferred that plaintiff had possession or right of possession at the time the property was converted, it is sufficient. Cammann v. Edwards, 340 Mo. 1, 100 S.W.2d 846, and National Surety Company v. Hochman, Mo., 313 S.W.2d 776.

In the case of O'Toole v. Loewenstein et al., supra [177 Mo.App. 662, 160 S.W. 1018], relied on by defendants, the court said the petition would be sufficient if it stated "such facts as revealed a right of possession in" plaintiff at the time of the conversion. It is significant to note other language of this court in the O'Toole case found at 160 S.W. loc. cit. 1018, as follows:

" * * * After verdict petitions are liberally construed by utilizing every implication and intendment the words therein afford, and all reasonable inferences from such words are gathered in aid of the pleader. When such implications and inferences tend with reasonable certainty to supply the omitted averment of fact, the petition is regarded sufficient * * *."

In the case of Citizens' Bank of St. Louis v. Tiger Tail Mill & Land Co., supra, relied on by defendants, the court held that the petition of plaintiff showed that neither plaintiff nor its predecessor in title ever had physical possession of any of the lumber in controversy and that the petition failed to state, either expressly or by implication, that plaintiff had the possession or the right to possession of the property sued for at the time of the conversion.

The petition of plaintiff in the instant case does not allege, in express words, that plaintiff was in the possession or had the right to the possession of the property involved at the time of its conversion. But we do think it states sufficient facts from which it can be legally inferred that plaintiff was entitled to possession of the property in question at the time of its conversion.

The petition contains the following allegations:

"That * * * plaintiff stored items of personal property hereinafter listed with the defendants and defendants accepted said items of personal property *for storage and safekeeping* for a monthly charge of Three Dollars ($3.-00). That * * * the said defendants appropriated and converted to their own use all of said items of personal property *belonging to the said plaintiff,* and that * * * plaintiff made a demand on defendants to return his said personal property but defendants willfully refused and still refuse to return said personal property to plaintiff." (Italics ours.)

The terms "belonging to" and "belong" have been defined to mean "to be the property of." See Webster's New International Dictionary, Second Edition, Unabridged, and Vol. 5 Words and Phrases, pp. 298–308, and Pocket Part. "Belong" also has been held to mean "to be possessed." City & County of San Francisco v. McGovern, 28 Cal.App. 491, 152 P. 980, loc. cit. 984.

Applying the aforesaid to the petition under review, we think plaintiff's petition impliedly alleges with reasonable certainty that certain items were the property of and in the possession of plaintiff; that said property was delivered by plaintiff to de-

fendants for a particular purpose, viz., storage and safekeeping, and from these facts it is necessarily implied that plaintiff was entitled to the possession of the personal property in question at the time of its conversion. Cammann v. Edwards, supra; National Surety Co. v. Hochman, supra, and Wilkinson v. Misner, 158 Mo. App. 551, 138 S.W. 931. We rule that the petition alleges facts from which it may be legally inferred that plaintiff was entitled to possession of the personal property involved at the time of its conversion.

The second reason given by defendants in support of their contention that the petition fails to state a claim is that it fails to aver a demand by plaintiff on defendants to surrender the personal property stored *before* the alleged conversion of said property. They contend that such an averment is necessary where defendants come into possession of the property rightfully as a bailee. They rely on the cases of Detmer v. Miller, Mo.App., 220 S.W.2d 739, and St. Louis Fixture & Show Case Co. v. F. W. Woolworth Co., 232 Mo.App. 10, 88 S.W.2d 254, 261.

In the St. Louis Fixture & Show Case Co. case, supra, defendant's possession, as said in the opinion, "whether symbolic or actual, was lawfully acquired." The court further said:

"The question as to whether the defendant's refusal to turn the key over to plaintiff when demanded constituted a tort, a wrongful act, amounting to conversion, or, whether its refusal under the circumstances was a reasonable one, is a crucial question in the case. Defendant became an involuntary bailee. * * * There were seven holders of mortgage liens on divers and sundry articles of property located in the premises; besides, there were numerous articles not incumbered by any lien save by defendant's blanket lien for past-due rent. So that, for its own protection, it became highly important that the property belonging to

each be properly listed and identified so one owner's property should not be delivered to another owner." 88 S.W. 2d loc. cit. 261.

The factual situation before the court in the aforesaid case was far different from that in the instant case. In the St. Louis Fixture & Show Case Co. case there were numerous holders of mortgage liens, as indicated, on divers and sundry articles of property, some of which property was not subject to encumbrances and at the time the demand was made on defendant, it was not certain as to the ownership and right of possession of the respective articles of property. In that case the court further said:

"In many instances, a qualified refusal to deliver property has been held not to constitute a conversion. As, where the defendant has not the power of compliance at the time the demand was made, or, where the circumstances show a reasonable apprehension of the consequences in a doubtful matter. 26 R.C.L. § 34, pp. 1124, 1125, and cases there cited. The text of Corpus Juris, vol. 65, p. 51, § 79, reads as follows: 'Before complying with or refusing a demand for delivery of property in his possession or control the person on whom the demand was made may have a reasonable time for investigation and consideration of the validity of the claim and to determine what course to pursue.'" 88 S.W.2d loc. cit. 261.

The actual holding in the St. Louis Fixture & Show Case Co. case was that the refusal of the defendant on May 1, 1929, when plaintiff's demand was made, did not amount to a conversion and was not a wrongful retention of plaintiff's property because, as the court said:

"In all fairness and reason, defendant was entitled to time to investigate, to examine chattel mortgages, to make an inventory, and to protect itself from liability on account of its having become an involuntary bailee, to keep one

chattel mortgage holder from taking property of another, and to protect itself in so far as its own blanket mortgage lien for past-due rent was concerned." 88 S.W.2d loc. cit. 262.

The effect of the holding was that, because of the circumstances concerning the acquisition of the property by the defendant, there was no conversion or wrongful detention when the demand was made on May 1, 1929, and that it was "necessary that a proper demand be made before a further detention of the goods can be regarded as a wrongful one." 88 S.W.2d loc. cit. 261. No comparable factual situation exists in the instant case.

In the case of Detmer v. Miller, supra, this court held:

"Where a defendant comes into the possession of property lawfully or rightfully, as, for instance, in the case of a bailee, a demand for its surrender is essential in order to constitute its further retention a conversion. Where, however, the property is taken from the plaintiff against his will and in open defiance of his title and right to possession, there is a conversion by virtue of the fact itself, and no demand is necessary to make it ·so." 220 S.W. 2d loc. cit. 744, 745.

We fail to see how the two cases relied on by defendants support their contention. Neither case holds that it is necessary to aver in a petition for unlawful conversion that plaintiff made a demand on defendants to surrender the property in question *before* the alleged conversion of such property. The cases merely hold that under some circumstances a proper demand must be made before a retention of goods can be regarded as wrongful. We fail to follow the reasoning of defendants when they assert it is necessary to plead that a demand for surrender of the property must precede defendants' conversion of the property. Certainly, the bailor need not anticipate an unlawful conversion of the property by the bailee. We think the alle-

gation in plaintiff's petition that on or about February 15, 1955, a demand was made on defendants to return the personal property stored for safekeeping was sufficient.

Plaintiff's petition states a claim entitling him to relief and the trial court did not err in overruling defendants' motion to dismiss plaintiff's petition. The judgment should be affirmed. It is so ordered.

WOLFE, P. J., and JAMES D. CLEMENS, Special Judge, concur.