BIGLER, Respondent, v. LEONORI, Jr., Appellant.

**St. Louis Court of Appeals, December 1, 1903.**

1. **CHATTEL MORTGAGES:** Right of Mortgagor: **Conversion by Stranger.** After condition broken, but prior to possession taken, or demand for possession, by the mortgagee, the mortgagor may maintain an action for conversion of the mortgaged property by a stranger.

2. **CONVERSION:** Interest: **Jury Question.** Under section 2869, Revised Statutes 1899, in an action for conversion of chattels, the allowance of interest, in addition to the value of the goods, is a matter for discretion of the jury, and it is error to instruct them to allow interest from the date of the conversion.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss*, Judge.

AFFIRMED, *if*.

*Kortjohn & Kortjohn* and *Frank B. Ruhr* for appellant.

(1) The court erred in instructing the jury to find interest against the defendant, if its verdict be for plaintiff. State ex rel. v. Hope, 121 Mo. 34; Carson v. Smith, 133 Mo. 607; Meyer v. Ins. Co., 69 S. W. 639; Creve Coeur Ice Co. v. Tamm, 90 Mo. App. 202; R. S. 1899, sec. 2869.

*S. T. G. Smith* for respondent.

(1) After condition broken the mortgagor has such an interest in the mortgaged property as will permit him to maintain an action against a person who has con-

verted it.   Tobener v. Hassenbuch, 56 Mo. App. 591;
Buddington v. Mastbrook, 17 Mo. App. 578.   (2)   Interest is allowable as a matter of right where the action,
though in form in trover, grows out of a breach of contractual relations.   Padby v. Catterhis, 64 Mo. App.
629.

REYBURN, J.—In August, 1899, plaintiff delivered to defendant, a public warehouseman, in the city
of St. Louis, a quantity of household goods and chattels
for storage at rate of six dollars per month.   About a
year prior thereto, plaintiff had executed and delivered
to one Little, a chattel mortgage upon the same personalty to secure an indebtedness of fifty dollars due sixty
days after date; the property being then contained in
and comprising the furniture and household equipment
of dwellings numbers 615 and 617 South Broadway, St.
Louis, where plaintiff was conducting rooming houses.
In January, 1900, defendant advertised the sale of the
goods for default in the charges, purporting to act under
the provisions of section 8482, Revised Statutes 1899,
vol. 2, but no sale was then made, nor until February
23d, following, when without notice to or knowledge of
plaintiff, and without conforming to the statutory requirements, the property was disposed of by defendant.
The latter sale was alleged to have been made at directions of a minor son of plaintiff, whose authority, as
her agent, was repudiated by plaintiff.

1.   After condition broken, but prior to demand
for possession by the mortgagee and in advance also of
possession taken by the latter, the mortgagor may maintain an action for conversion of the mortgaged property by a stranger.   Upon default in payment of the
mortgage indebtedness or other breach of the covenants
of the mortgage (for example, the removal of the property from the Broadway houses to the premises of defendant), the mortgagee could have exercised the right
reserved to him therein, and taking possession of the

property have proceeded to enforce the power of sale thereunder, but there is no evidence that the mortgagee sought to enforce the terms of the mortgage, and it is conceded that the sale of the mortgaged property was not made under the conditional right of sale therein. Until the mortgagee saw fit to put in operation the provisions of the mortgage, the rights of the plaintiff in the property, subject to the rights of the mortgagee, continued; even if the latter had taken possession of the property, and made sale without compliance with the terms of sale provided by the mortgage, he could have been held to account for the market value. Tobener v. Hassinbusch, 56 Mo. App. 591; Buddington v. Mastbrook, 17 Mo. App. 577.

2. The court of its own motion gave the following instruction to the jury:

"If you believe from the evidence that defendant sold the property in question without any authority or consent from plaintiff, then you should return a verdict for plaintiff for such sum as you may find from the evidence the property which was stored with defendant and sold was reasonably worth at the date of sale, with interest at six per cent from February 23, 1900, the date of sale, you will compute the interest and add it to the principal and render one aggregate sum in your verdict. If, however, you believe from the evidence that plaintiff did not pay the mortgage to Mr. Little, but that same was paid out of proceeds of sale, then you should deduct the amount paid on such mortgage from the damages you find for plaintiff; you should also allow defendant such sum as the evidence shows he was entitled to for storage and charges, and deduct same from the damages of plaintiff."

This action was *ex delicto* and not *ex contractu,* being for the conversion of the household property stored with defendant. Section 2869, Revised Statutes 1899, formerly section 4430, has been declared but the enactment of the common-law rule in this State and

raising no presumption not already existing. As a general rule interest is not allowable in actions sounding in tort for unliquidated damages. Under the above statute the allowance of interest as an element of damages in addition to the value of the goods at the time of their conversion is wholly committed to the discretion of the jury. Carson v. Smith, 133 Mo. 606. The jury may, if they see fit, allow interest in their award of damages, but the statute leaves entirely to the jury, in its discretion, to give interest or not under the proof in the case, but this instruction wrests from the jury such discretionary power, and peremptorily directs the computation of interest upon the value of the property and the rendition of the aggregate of the principal and interest as the verdict. ''Whatever the rule may have been in the absence of any statutory enactment, there is now no room for doubt. Language could not be plainer. The manifest intention of the Legislature by this statute is, that in this class of cases, the question of interest as damages should be for the jury and not for the court.'' State ex rel. v. Hope, 121 Mo. 34; Vermillion v. LeClare, 89 Mo. App. 55.

The verdict for $373.98, obviously in obedience to the instruction above quoted, embraces principal and interest computed at the statutory rate therein named. It seems to us that the ends of justice will be promoted and subserved by affording plaintiff an opportunity to rectify the error of the lower court in remitting the excess. It is therefore ordered that if within ten days from the date of the filing of this opinion, the plaintiff shall enter in this court a remittitur of $58.98, the judgment shall stand affirmed for $315; but if such remittitur be not entered within the period fixed, then the judgment will be reversed and the cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.