LEON H. SCHWALD, Respondent, v. DIEDRICH BRUNJES, Appellant.

Kansas City Court of Appeals, December 6, 1909.

1. CONVERSION: Pleading: Ownership: Possession. In an action for conversion of personal property if the petition merely states that the plaintiff was the owner, and does not allege possession or right to possession, it fails to state a cause of action and is fatally defective.

2. INSTRUCTIONS: Right to Possession. Instructions should include the hypothesis of the plaintiff's right to the possession, in an action for conversion.

3. BRIEFS: Decision by Court. If a point is made but not briefed as required by statute and rules of court, the court does not feel called upon to decide it.

Appeal from Benton Circuit Court.—*Hon. C. A. Denton*, Judge.

REVERSED AND REMANDED.

*Barnett & Barnett* for appellant.

ELLISON, J.—Plaintiff's action is for the conversion of a lot of wood. He prevailed in the trial court.

Defendant challenges the petition filed by plaintiff on the ground that it does not state a cause of action. We think the point well made. The petition alleges that plaintiff was the owner of the wood, but it does not allege that he was ever in possession of it when converted or that he was entitled to the possession. It merely alleges ownership. There may be an ownership, —a right of property,—without possession or a right to possession. One of these is necessary to an action of trover and conversion. [Bank v. Tiger Tail Land Co., 152 Mo. 145, 156.]

The first instruction for plaintiff is erroneous. It should submit the question of plaintiff being the owner of the wood, without adding the words "or those under whom he claims."

Defendant's instruction No. 3 should have been given. It requires a finding that plaintiff was the owner of the wood and entitled to the possession. The whole theory of plaintiff's right to recover is based on his assertion that he was the owner of the wood. That fact, if it be a fact, should be supplemented by a right to the possession.

Defendant filed a counterclaim in the sum of fifty dollars, which was stricken out on demurrer. It sets up representations made by plaintiff as to extent of interest in land sold to defendant and that the parties agreed upon fifty dollars as a sum which would "make good" the difference; and that plaintiff promised to pay it. That is, that sum was agreed to be due defendant and plaintiff promised to pay it. Whether this claim should be a counterclaim as stated by defendant, or a

set-off, is not briefed. Indeed no brief at all is offered us on the point, and we make no decision thereon.

The judgment is reversed and cause is remanded. All concur.