EMMA A. SUMMERS, Respondent, v. JAMES E. BAKER, Appellant.

St. Louis Court of Appeals, July 15, 1911.

1. CONVERSION: Right of Recovery: Possession or Right of Possession: Instructions. In an action for the conversion of goods, instructions allowing plaintiff to recover upon merely showing he is the owner of the goods and defendant converted them are erroneous, since it is incumbent on plaintiff to also show he had either possession or the right to immediate possession of the goods.

2. ———: ———: ———: Chattel Mortgages: Possession by Mortgagee. Where, at the time of the alleged conversion of goods deposited in a warehouse, a mortgagee had possession, through possessing the warehouse receipt, and was entitled to

Summers v. Baker.

such possession by reason of the mortgagor's having breached the conditions of the mortgage, the latter had neither possession nor the right to immediate possession, and hence could not maintain an action for conversion.

3. ———: ———: ———: ———: ———: **Usury.** Where a mortgagee had possession of goods under a mortgage, which was void under section 7184, Revised Statutes 1909, because tainted with usury, neither the mortgage nor the mortgagee's possession under it would bar the mortgagor to sue for conversion.

4. **USURY: Existence: Question for Jury: Conversion.** In an action for conversion, whether a chattel mortgage, executed by plaintiff in favor of a third person and relied upon by defendant as establishing that plaintiff had neither possession nor the right to possession of the goods, was tainted with usury, *held*, under the evidence, a question for the jury.

5. **CONVERSION: Pleading: General Denial: Issues and Proof.** In an action for conversion, a general denial puts in issue plaintiff's averment as to his right to possession, and anything tending to prove that averment is properly received in evidence.

Appeal from St. Louis City Court.—*Hon. Daniel D. Fisher*, Judge.

REVERSED AND REMANDED.

*Collins & Chappell* for appellant.

The court erred in giving instruction No. 1 for the plaintiff for two reasons: first, that said instruction permitted the plaintiff to recover, when the evidence disclosed that the legal title to the property described in the petition was in the defendant at the time of the alleged conversion; and second, that said instruction provides an improper measure of the damages even were plaintiff entitled to recover. Edmonson v. Jones, 96 Mo. App. 83; Robinson v. Campbell, 8 Mo. 364; Lacey v. Gibbony, 36 Mo. 320; Bowens v. Benson, 57 Mo. 26; Jones v. Furnishing Co., 77 Mo. App. 474; Jackson v. Cunningham, 28 Mo. App. 354.

*L. G. Pope and Hy. B. Davis* for respondent.

There is no error in instruction No. 1 given for plaintiff because no chattel mortgage was pleaded. Scudder v. Atwood, 55 Mo. App. 512.

STATEMENT.—This is an action to recover damages for an alleged wrongful conversion by defendant. The suit was originally commenced against John H. Vette, Henry C. Wiehe and James E. Baker, but at the first trial the plaintiff took a voluntary non-suit as to Vette and Wiehe and obtained a verdict against Baker alone. This verdict was afterwards set aside and upon a retrial the plaintiff had verdict and judgment against Baker alone, and after an unsuccessful motion for a new trial Baker has appealed.

The petition alleges merely "that on the 27th day of February, 1906, she (plaintiff) was entitled to the immediate possession of certain goods and chattels, to-wit: (describing them), which said goods and chattels were then of the value of $1,000; that afterwards, to-wit: on the 28th day of February 1906, said goods came into the possession of the defendants who then and there unlawfully converted them to their own use and disposed of the same." The answer was a general denial. It appeared from the evidence that plaintiff, being the owner of certain household furniture, delivered it to one Henry C. Wiehe, a warehouseman, for storage, and on May 31, 1905, he placed them in his warehouse and, the evidence tends to prove, issued in plaintiff's name warehouse receipt numbered 2140. On June 6, 1905, plaintiff in writing purported to appoint defendant Baker her agent to procure her a loan of $372 on the furniture, agreeing to pay him $122 for his services in procuring the loan, "and for appraising, making inventory, examining records, notary fees, enforcing and guaranteeing the payment of said loan and drawing necessary papers." She then executed twelve negoti-

able  promissory notes for $31 each, payable to the
order of John H. Vette, one each month during the
succeeding twelve months, with interest at eight per
cent per annum.  She also duly executed and acknowl-
edged a chattel mortgage conveying the furniture to
Vette as mortgagee, to secure the payment of said
notes.  As part of the description, the mortgage con-
tains the statement that "the above goods are in the
warehouse of Henry C. Wiehe at No. 1516 Franklin
Ave. as evidenced by warehouse receipt No. 2140 dated
May 31, 1905."  The mortgage also conveyed certain
restaurant fixtures and furniture to Vette as mortgagee
to secure the payment of said notes.  The mortgage
contained among others the following provisions:

"The property hereby sold and conveyed to remain
in her possession until default is made in the payment
of the said debt and interest or some part thereof; but
in case of a sale or disposal, or attempt to sell or dis-
pose of said property or any part of the same  .  .  .
by any person whomsoever,  .  .  .  without the
written consent of the said mortgagee or assigns,
.  .  .  the said mortgagee, or his legal represent-
atives, may take the said property or any part thereof
into their possession."

Baker guaranteed the payment of the notes by
stamping on the back of each and signing the following:

"For value received, I hereby guarantee the pay-
ment of the within note at maturity, or at any time
thereafter, waiving demand, notice of non-payment
and protest."

The plaintiff then went with defendant, or his
clerk, to Vette's loan office and delivered to Vette the
notes and mortgage, executed and guaranteed as afore-
said, and the plaintiff received Vette's check for $372,
and, accompanied by Baker's clerk, went  to the bank
where she endorsed and cashed the check and paid to
the clerk for Baker the one hundred and twenty-two
dollars agreed upon  as his compensation for procuring

the loan, etc. The evidence tends to prove that the warehouse receipt, duly endorsed by plaintiff in blank, was delivered by plaintiff to Vette with the notes and mortgage.

On September 20, 1905, through the agency of defendant and by a transaction similar to that above described she borrowed seventy-five dollars additional from Vette and as security gave him a chattel mortgage on personal property other than either of the lots above mentioned. She paid defendant Baker a large part of this second loan for his part in the transaction. Between the time she procured this loan and the first week in March, 1906, plaintiff sold and disposed of the restaurant furniture and fixtures and also of the property covered by the seventy-five dollar mortgage. She admitted, while testifying, that the mortgagee, Vette, did not consent to either of such sales, but stated that Baker did. Baker, testifying, denied giving such consent. In the first week in March, plaintiff was in default as to the payment of at least four of the thirty-one dollar notes secured by the mortgage on the furniture in Wiehe's warehouse and the restaurant outfit. At that time, defendant Baker got the warehouse receipt from Vette, surrendering it to the warehouseman and paying some $120 storage charges, and removed from the warehouse all the goods placed there by plaintiff and covered by the three hundred and seventy-two dollar mortgage, and mixing the goods with goods of his own, sold and disposed of them for a price which, when testifying, he professed inability to state. Plaintiff's evidence tended to prove that the goods so taken, sold and disposed of by defendant Baker were of the value of one thousand dollars. Baker attempted to justify his action in taking the goods and converting them to his own use by testifying that plaintiff came to his office crying and confessed to having sold the property covered by the seventy-five dollar mortgage and told him if he took the stuff in the warehouse and paid

the storage charges and notes he might do so. He testified that he agreed to do this and that his acts were in accordance with this agreement. The plaintiff, testifying, denied this alleged permission and agreement. The plaintiff asked and the court gave, the defendant duly excepting, three instructions to the jury, as follows:

"1. The court instructs the jury that if the jury believe from the evidence that the furniture described in the evidence was, on or about the 27th day of February, 1906, owned by the plaintiff and that defendant Baker sold or disposed of said furniture without the consent of plaintiff, then the jury will find for the plaintiff against the defendant Baker and assess her damages at such a sum as the jury believe from the evidence was the value of the furniture at the time of the said sale or disposition.

"3. The court instructs the jury that the right of the defendant Baker to sell the property under the chattel mortgage read in evidence is not an issue in this case.

"4. The court instructs the jury that the defendant claims a right to sell the furniture in question in this case by virture of permission given to him by plaintiff, and the jury are instructed that the burden of proof is upon the defendant, and he must prove, by the greater weight of the evidence, that the property in question was sold or disposed of by defendant with the consent of plaintiff; and, unless the jury believe, from the greater weight of the evidence, that the defendant Baker had such permission, then the jury must find for the plaintiff."

No instruction numbered two was set forth in the abstract. No other instructions are shown by the abstract to have been given by the court, except two which it gave of its own motion on the burden of proof and on the power of nine or more of the jurors to return a verdict.

CAULFIELD, J. (after stating the facts).—The defendant contends, and we think rightly, that the court erred in giving instructions numbered one and four. These instructions would allow plaintiff to recover upon a mere showing that she was the owner of the goods and that defendant converted them to his own use. That is not sufficient in an action for the conversion of personal property. Plaintiff must have shown that she also had the possession or the right to the immediate possession of the goods. [Bank v. Tiger Tail Mill and Land Co., 152 Mo. 145, 157, 53 S. W. 902; Schwald v. Brunjes, 139 Mo. App. 516, 123 S. W. 472.] In the case at bar, the evidence tended to prove that, at the time of the conversion, not only was a chattel mortgage executed by the plaintiff extant, but that the mortgagee had possession of the goods through possessing the warehouse receipt, and was entitled to such possession by reason of plaintiff being in default and having disposed of part of the mortgaged property without the written consent of the mortgagee. If this evidence is to be believed, plaintiff had neither the possession nor the right to the immediate possession and had no right to maintain trover, unless the loan by the mortgagee was tainted with usury, in which event the mortgage is null and void under the statute (Sec. 7184, R. S. 1909), and neither it nor the mortgagee's possession under it would be a bar to plaintiff's suing for the conversion. But there was nothing in this case to justify the court in ignoring the mortgage as if the usury had been established as a matter of law. Whether there was usury should have been submitted to the jury under proper instructions.

Plaintiff suggests nothing in support of the instructions except that no chattel mortgage was pleaded and therefore there was no issue "except the fact of the ownership in plaintiff and the conversion." This position is clearly untenable. The general denial put in issue the plaintiff's averment as to her *right to*

*possession* and anything which tended to disprove that averment might be availed of under the general denial. [21 Enc. of Pl. and Pr., p. 1086; Thomas v. Ramsey, 47 Mo. App. 84.]

The judgment is reversed and the cause remanded. *Reynolds, P. J.*, and *Nortoni, J.*, concur.