## CHAS E. COOK, Appellant, v. W. C. SMITH, Respondent.

Springfield Court of Appeals, June 25, 1918.

1. **CHATTEL MORTGAGES: Conversion by Mortgagee.** Although first chattel mortgage was voidable, mortgagor could not recover against first mortgagee for conversion of the property where at time of the conversion the first mortgage had not been declared void, and the property was turned over to the first mortgagee by a second mortgagee in possession thereof under a valid mortgage after condition broken and while a balance was due on the second mortgage, under belief that first mortgagee had prior lien; for, since such surrender was not waiver of the second mortgagee's lien, the second mortgagee was the only one entitled to possession at that time.

2. ———: **Action by Mortgagor After Condition Broken.** Mortgagor of chattels after condition broken is deprived of action of conversion if mortgagee has possession under valid mortgage.

3. **TROVER AND CONVERSION: Action: Who May Maintain.** For one to maintain conversion he must have possession or have been entitled to possession at the time of conversion.

4. **COURTS: Court of Appeals Following Decision of Supreme Court.** Courts of Appeals must follow decisions of Supreme Court that, where no other construction can be placed on cause of action than that, it is for wrongful conversion, plaintiff must show at least that he was entitled to immediate possession at time of conversion. BRADLEY, J., dissenting.

Appeal from Greene Circuit Court.—*Hon. Arch A. Johnson,* Judge.

AFFIRMED.

*Hamlin & Hamlin* for appellant.

- *Talma S. Heffernan* and *Watson & Page* for respondent.

FARRINGTNON, J.—The circuit court rendered a judgment in favor of the defendant and dismissed plaintiff's suit, and plaintiff has appealed.

The trial court made the following finding of facts (which it does not appear from the record was requested by either party):

"The court finds the facts to be that Cook was the owner of the property in controversy on the —— day of ——, 191—, and on that day executed a chattel mortgage to the Crighton Provision Company to secure indebtedness owing by plaintiff to the Crighton Provision Company; that thereafter Cook leased the property in dispute to Branson; that afterwards Branson abandoned the property and the Crighton Provision Company took possession of the property in controversy under the chattel mortgage given it by Cook before referred to; that after the Crighton Provision Company took possession of the property the defendant Smith demanded of the Crighton Provision Company possession of the property claiming to have a prior mortgage thereon; that under said demand the Crighton Provision Company delivered to him one ice box of the value of $200, two meat blocks of the value of $15, and other articles to the value of $10, making a total of $225; that in truth and in fact Smith had no mortgage on the property or any claim whatever to it but that said property was Cook's, subject only to the mortgage held by the Crighton Provision Company; that the Crighton Provision Company, upon turning over possession of said property to Smith,

made no charge against Smith for the same and that Smith took the same and sold it and rendered no account thereof either to the Crighton Provision Company or to any one else but received the purchase price for himself and that the Crighton Provision Company has not now nor at any time heretofore made any demand or claim and is making no claim on Smith for the proceeds of the sale or for the return of the property and is making no claim for the property. I further find that the Crighton Provision Company sold part of the property taken under its mortgage and applied the sale price thereof to Cook's indebtedness and that they still have some of the property taken under the mortgage in its possession; that it never at any time foreclosed the mortgage and, as the matter now stands, a balance is due still on the note of Cook to Crighton Provision Company and no final settlement of the matter has been made. On this finding of facts, I find that under the law the plaintiff cannot recover.''

In addition and supplemental to this we find from the record that the following facts are undisputed and appear in the testimony offered by plaintiff: The plaintiff was the owner of a butcher shop, fixtures, tools and equipment, on which he gave a chattel mortgage to the defendant, W. C. Smith. After giving this mortgage to Smith, he gave a second chattel mortgage to the Crighton Provision Company covering the same property, and, its debt having become due, at the instance of the plaintiff the property was taken in charge by the Crighton Provision Company under its second mortgage and was being held by it by virtue thereof. During this time, Smith, the defendant, with his first mortgage, demanded the possession of the property of the Crighton Provision Company, and possession was surrendered to him. One of the witnesses offered by plaintiff, the agent of the Crighton Provision Company, testified: ''I just simply surrendered it because we understood he had a prior claim to it. In fact we understood when we took our second mortgage, and we gave possession under the first mortgage.'' It is further

shown that at the time Smith took the property out of the possession of the Crighton company there remained due that company from the plaintiff from thirty to forty dollars, and the plaintiff testified that at the time of the trial the Crighton company had not been paid the full amount of its debt.

There can be no doubt under this testimony but what the property which the plaintiff now seeks to recover in this action of conversion was in the possession of the second mortgagee, the debt secured by the second mortgage having matured and being unpaid at the time the defendant took the property from the possession of the Crighton company under his mortgage which that company recognized at that time and had recognized from the time it took its mortgage was a superior lien to its second mortgage.

It developed that Cook brought an action against Smith and had the first chattel mortgage declared fraudulent and void, but there is an utter failure of proof to show that the Crighton company had any notice or knowledge whatever of Smith's mortgage being in any way irregular or invalid.

At the time Smith demanded and secured the property from the Crighton company under his mortgage the Crighton company was the only one that had possession of the property or had a right to the immediate possession thereof, the debt of the plaintiff to the Crighton company being due and a portion of it yet unpaid.

The question raised at the beginning of the trial, pressed throughout, and raised in this court, is that the plaintiff failed to make a case of conversion, the reason assigned being that he as the plaintiff did not have the possession of the property nor was he entitled to the immediate possession thereof at the time of the alleged conversion by Smith.

The law seems to be settled that in order for a plaintiff to maintain the action of trover or conversion he or those under whom he claims must have

been in the possession of the property, either actual or constructive, or, if not that, he must have been entitled to the immediate possession thereof, and that a failure to show one or the other of these conditions defeats his action. This question is discusssed in 2 Cooley on Torts (3 Ed.), pp. 848, 849, under the title "Who may bring trover." The reason as stated in that text is that a defendant may not be subsequently compelled to pay to some third party, a stranger to the first suit, damages for conversion. In the case of Summers v. Baker, 158 Mo. App. 666, l. c. 672, 139 S. W. 226, the court held that the mortgagor could not maintian trover where the property was in the possession of a mortgagee who was holding under the mortgage after condition broken; but in that case, because of the fact that the mortgage under which such mortgagee was holding was void the mortgagor was entitled to the immediate possession of the goods and could maintain the action. In other words, if we apply that principle to the present case, were it shown that the Crighton Provision Company's mortgage was invalid, it having possession under such invalid mortgage, then the mortgagor, the plaintiff herein, could maintain trover because as against the Crighton Provision Company and everyone else at that time he was entitled to the immediate possession of the property. [See, Merrill v. Mason, 159 Mo. App. l. c. 608, 141 S. W. 454; Connersville Buggy Co. v. Lowry, 104 Mo. App. l. c. 190, 77 S. W. 771.] In Bowers on The Law of Conversion, secs. 129 and 397, the rule is laid down that a mortgagor of chattels, after condition broken, is deprived of the action of conversion if the mortgagee has taken possession of the property, because (and this is true in this State) the legal title passed to the mortgagee and the right to immediate possession has flown from the mortgagor. [See, also: 38 Cyc. 2044, 2050, 2053, 2054; 7 Cyc. 1819; Johns on Chat. Morts., pp 889, 708, 651, 658; Wilkes v. Southern Railway, 86 S. C. 346, 67 S. E.

292, 137 Am. St. Rep. 890 and note in which a number of Missouri cases are discussed which hold that a mortgagor, after condition broken, with whom the property still remains has such a special interest and right of possession against third parties as to entitle him to maintain such action (see Golden v. Moore, 126 Mo. App. l. c. 523, 104 S. W. 481; Bigler v. Leonori, 103 Mo. App. 131, 77 S. W. 324; Buddington v. Mastbrook, 17 Mo. App. 577); but no case that we have found in this State or elsewhere holds that a mortgagor, after condition broken, and after the mortgagee has taken possession of the property may maintain the action of trover or conversion.] It is held in Myers v. Hale, 17 Mo. App. 204, that the trustee in a deed of trust holding the legal title and entitled to the possession of the property was the proper party to bring the action and not the beneficiaries under the deed of trust, and it is there held that unless plaintiff had the possession or the right to the possession of the property at the time of its alleged conversion he had no standing in the court. [See also, Buddington v. Mastbrook, 17 Mo. App. 577; Bigler v. Leonori, 103 Mo. App. 131. 77 S. W. 324; Golden v. Moore, 126 Mo. App. 518, 104 S. W. 481; Schwald v. Brunjes, 139 Mo. App. 516, 123 S. W. 472.] In the very recent case of Twentieth Century M. Co. v. Excelsior Springs Min. W. & B. Co. (Mo.), 200 S. W. 1079, it is recognized as a necessary showing that the plaintiff in conversion was entitled to the immediate possession, and in that case, althopgh the petition failed to have the allegations necessary, the court held that the defendant had throughout the trial treated the petition as good and that the evidence made a case. In the case of Bank of Little Rock v. Fisher, 55 Mo. App. 51, the mortgagee in a chattel mortgage before condition broken was denied the right to maintain trover for the reason that he was not entitled to the possession of the property. The line is sharply drawn in that case, and all the courts in Missouri and elsewhere indicate that in order for a

plaintiff to maintain the action he must have the possession or have been entitled to the possession at the time the conversion took place.

In the present case the testimony of the plaintiff and the undisputed facts show that the plaintiff, Cook, did not have the legal title to nor the right to the immediate possession of the property when Smith, the defendant, took it and converted it to his own use, because his mortgagee, the Crighton Provision Company had taken possession of it after condition broken.

The evidence fails to show that the Crighton Provision Company when it surrendered the property to Smith waived its chattel mortgage. Plaintiff's witness Turner who represented the Crighton Provision Company testified that the reason he gave the property up to Smith was because the Crighton company recognized Smith's mortgage in the transaction, and that it was turned over to him after he had demanded it by virtue of the mortgage, and that it was surrendered because he understood that Smith had a prior mortgage to that of the Crighton company, which was understood by that company at the time it took its mortgage. There was nothing on the face of Smith's mortgage to indicate that it was in any way invalid, and there was no notice or knowledge brought home to the Crighton company at that time that Smith's mortgage was fraudulent. In fact, Smith's mortgage at that time was no more than a voidable instrument afterward declared void by the court in the proceeding brought by Cook against Smith to cancel it.

There are lacking in this case two of the essential elements of waiver. One is that the property was not voluntarily turned over to Smith by the Crighton Provision Company, but, as Turner testified, it was turned over because of Smith's prior mortgage. The other is the lack of knowledge on the part of the Crighton Provision Company that something was wrong with Smith's mortgage. The debt to the Crighton Provision Company secured by its second chattel mortgage under which it was holding the goods had not been fully paid

and the property was held by it for the purpose of securing the payment of the balance of the debt due it. It is true Turner testified that the time of the trial the Crighton company was making no claim to the property under its second mortgage; but this is not saying that it was not making a claim to the property under its chattel mortgage at the time Smith wrongfully took it. On the other hand, the evidence quoted that it was making claim to the property under its second mortgage at the time Smith demanded the property of it under what it thought and had no reason to think otherwise was anything but a superior, valid lien. Under the law as it is firmly established in this State the plaintiff cannot recover in this kind of action and it is our opinion that the judgment should be affirmed.

We, however, can conceive of no very good reason that now exists—in a case where the facts are like those here and where the Crighton company, the mortgagee openly announces that it has no claim or charge against Smith for taking the goods out of its possession—why the mortgagor could not recover in this action. The forms of action have been abolished, and, as said in the case of Yates v. Joyce, 11 Johnson, 136. "It is a sound principle that where the fraudulent conduct of a party occasions injury to the private rights of another, he shall be responsible in damages for the same." [See, also, Frankenthal v. Mayer, 54 Mo. App. 160; Jones on Chat. Morts. (5 Ed.), sec. 683.]

This court in the case of Central Mfg. Co. v. Montgomery, 144 Mo. App. 494, 129 S. W. 460, where a petition was subject to two constructions, one for money had and received and the other for conversion, treated it as an action for money had and received because the elements of that action were present and no objection was made during the trial to the sufficiency of the petition, while in the case at bar the petition is manifestly brought for a wrongful conver-

sion and seeks damages for the wrongful detention and conversion by the defendant.

Whatever may be the views of this court on the right to permit a mortgagor, as the plaintiff in this case, to maintain an action under the facts shown, we must follow the numerous decisions of our Supreme Court which declare that in cases where no other construction could be put on the cause of action than that of an action for wrongful conversion the plaintiff must show that he was entitled at least to the immediate possession of the property at the time he charges the conversion took place.

For the reasons stated the judgment is affirmed. *Sturgis, P. J.,* concurs. *Bradley, J.,* dissents.