CLYDE EVERETT SMITH, APPELLANT, v. BAUM-BERNHEIMER COMPANY, RESPONDENT.—50 S. W. (2d) 1058.

Kansas City Court of Appeals. June 13, 1932.

*Stubenrach & Hartz* for appellant.

*Whitson Rogers* and *M. L. Friedman* for respondent.

CAMPBELL, C.—Plaintiff's petition alleges that in July, 1929, he purchased from defendant fifty shares of the common stock of the Cities Service Company for the price of $39.25 per share; that in August, 1929, he purchased from defendant twenty-five shares of the

common stock of said Cities Service Company for the price of $49.75 per share; that in October, 1929, he purchased from defendant seventy-five shares of the common stock of said Cities Service Company for the price of $67.25 per share; that it was agreed that plaintiff should pay for said stock in installments under what defendant termed "Its deferred payment plan;" that plaintiff paid to defendant, on account of said purchases, the sum of $1808.75; that on October 24, 1929, the amount due to defendant was the sum of $6504.73; that on that day he went to defendant and offered to pay to it the balance due on said share of stock and demanded that it deliver said stock to him; "That plaintiff had sold said stock on the open market on said 24th day of October, 1929, for the sum of $7,530.25, and so informed the defendant, but that defendant refused to accept said offer and stated to plaintiff that it, defendant, would not accept such payment, and deliver said stock to plaintiff, pretending that under defendant's rules plaintiff was unable to resell said stock for a period of four months after plaintiff had finished paying for same; that plaintiff was thereby deprived of a resale of said stock as aforesaid to his damage in the sum of $1,025.52."

The answer was a general denial and counterclaim for the amount alleged to be due defendant on account of the purchase of said stock.

Trial to the court and jury resulted in judgment for plaintiff for the sum of $1110.83 on plaintiff's cause of action, and against defendant on its counterclaim.

The defendant timely filed three separate motions for new trial which were sustained for the reason that the court erred in giving the instruction at the request of the plaintiff "and refusing instructions offered by the defendant." Plaintiff appeals.

It is insisted by the defendant that plaintiff's petition does not state facts sufficient to constitute a cause of action in trover for the conversion of the stock. An analysis of the petition will disclose that it is therein alleged that plaintiff purchased stock from defendant; that he paid part of the purchase price; that on October 24, 1929, he tendered to defendant the balance of the purchase price of the stock and demanded that defendant deliver it to him, which demand was refused; that plaintiff had sold the stock on the open market for the sum of $7530.25; that in consequence of defendant's failure to deliver the stock he sustained damage in the sum of $1025.-52, which was the amount of the difference between the selling price and the sum he was owing to defendant. The facts pleaded sufficiently show that plaintiff was the owner and had right to possession of the stock; that defendant wrongfully withheld the stock and wrongfully denied plaintiff's title and right to possession. This was sufficient to show conversion of the stock. [St. Louis v. Glancy, 294

Mo. 438; Schwald v. Brunjes, 139 Mo. App. 516.] It is also argued in this connection that the petition was insufficient for the reason that plaintiff sought to recover damages and not the reasonable market value of the stock. The petition alleged that plaintiff had sold the stock on the open market for a named sum. The price for which property is sold on the open market is evidence of its market value, and hence the petition does state facts showing market value.

But plaintiff failed to prove the pleaded case.

Plaintiff testified that he bought 150 shares of the capital stock of the Cities Service Company and paid thereon the sum of $1808.75; that on October 24, 1929, he ordered Bache & Company to sell the stock and that later they reported to him that the stock was sold on that day for the sum of $7530.25; that on the morning of the following day he went to the defendant's office and there said to Mr. George K. Baum (whom the parties hereto assumed had authority to speak for the defendant) that he had sold his stock and ''I want you to make up my account and prepare my stock for delivery,'' to which Mr. Baum replied, ''you can't sell that stock; . . . we wont deliver this stock until you have held it four months or longer.''

There is no evidence that plaintiff tendered or offered to pay anything to the defendant. The evidence shows that plaintiff did not have means sufficient to pay the debt he was owing to the defendant, and that it was his intention to have the debt paid by Bache & Company from the proceeds of the sale of the stock. Plaintiff proceeds here upon the theory that it was the defendant's duty to deliver the stock to Bache & Company who would pay the amount for which he claims to have sold it. There was neither allegation nor proof that defendant was under duty to take the stock to the office of Bache & Company and deliver it to that company.

There was no basis in the evidence for that part of plaintiff's instruction which told the jury that if plaintiff had sold the stock ''and notified defendant that he was ready and willing and offered to pay the balance and interest owning by him for said shares of stock, and that plaintiff would receive delivery of said stock and pay for said stock.'' . . . There was evidence from which the jury could have found that a tender would have been unavailing, but there was no evidence of a tender. Plaintiff was permitted, without objection, to say that the stock was sold through Bache & Company on the open market. Considering his evidence, however, in its entirety, and that of his witness Harry E. Bishop, and employee of Bache & Company, it is clear that there was nothing more than an offer to sell and an offer to buy. The stock was at all times in the possession of the defendant and, therefore, delivery of the stock was not made. There is nothing in the record to indicate that a buyer of the stock gave

"something in earnest to bind the bargain" or that note or memorandum in writing was made and signed by a purchaser. In this situation there was, as a matter of law, no sale of the stock. Section 2968, Revised Statutes 1929.

Plaintiff proceeded in the trial court upon the theory that he had sold his stock. There is no evidence of the value of the stock aside from the evidence of the price for which plaintiff claims to have sold it. It follows that if there was, in law, no sale of the stock, that plaintiff's case must fail. Upon the showing made the plaintiff was not entitled to recover. The judgment is affirmed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Arnold, J.,* absent.